UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ARTHUR ELSTON,<br><br>　　　　Plaintiff,<br><br>v.<br><br>STATE OF IDAHO,<br><br>　　　　Defendant. | Case No. 1:24-cv-00481-AKB<br><br>**SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE** |

## INTRODUCTION

Pending before the Court are Plaintiff Arthur Elston's Amended Complaint (Dkt. 6) and renewed Application to Proceed In Forma Pauperis (Dkt. 5). Plaintiff is proceeding pro se. This matter was previously screened pursuant to 28 U.S.C. § 1915. In its Initial Review Order (Dkt. 4), the Court denied Plaintiff's original in forma pauperis application without prejudice and dismissed the Complaint (Dkt. 2) for failure to state a claim, granting Plaintiff leave to amend and providing specific guidance regarding the deficiencies that needed to be cured. The Court now conducts a second review.

## APPLICATION TO PROCEED IN FORMA PAUPERIS

Any party instituting a civil action in a federal district court must pay the filing fee. 28 U.S.C. § 1914. On application, however, a party may proceed in forma pauperis. 28 U.S.C. § 1915. To qualify, a plaintiff must submit an affidavit demonstrating an inability to pay the filing fee while still providing for the necessities of life. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

The Court has reviewed Plaintiff's renewed application to proceed in forma pauperis (Dkt. 5). Based on the information provided, Plaintiff appears to meet the financial requirements

to proceed in forma pauperis. Accordingly, the Court grants Plaintiff's application to proceed in forma pauperis for purposes of initial review.

## LEGAL STANDARD

Under 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed by a litigant proceeding in forma pauperis if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. To state a claim, a complaint must contain sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Although the Court construes pro se pleadings liberally, pro se status does not excuse compliance with the basic pleading requirements of the Federal Rules of Civil Procedure. A complaint must identify defendants, allege facts showing how each defendant violated the plaintiff's rights, and state the relief sought. Conclusory statements and labels are insufficient.

Where a plaintiff has been granted leave to amend, the Court's review on re-screening focuses on whether the amended complaint cures the specific deficiencies identified in the prior screening order.

## SUFFICIENCY OF THE AMENDED COMPLAINT

In its prior Initial Review Order, the Court dismissed the original Complaint because it failed to state any cognizable claim, failed to allege supporting facts, failed to clearly establish federal subject matter jurisdiction, named the State of Idaho as the sole defendant without addressing sovereign immunity, and failed to identify any relief sought. The Court instructed Plaintiff that any amended complaint must identify a legal theory, allege supporting facts, establish jurisdiction, and name proper defendants.

The Amended Complaint does not cure these deficiencies. In fact, it omits information that was present, albeit deficiently, in the original pleading. The Amended Complaint lists only Plaintiff's name and address. It does not identify any defendant. The sections of the form complaint designated for listing defendants are blank. A civil action cannot proceed without an identified adverse party.

The Amended Complaint also fails to state any claim upon which relief may be granted. Plaintiff asserts federal jurisdiction in conclusory fashion but does not identify any federal statute, constitutional provision, or other source of law giving rise to a cause of action. The statement-of-claim section contains no factual allegations describing any conduct, by any person or entity, that violated Plaintiff's rights. Plaintiff also does not request any form of relief.

In short, the Amended Complaint contains no defendants, no facts, no claims, and no requested relief. It therefore fails to satisfy the minimal pleading requirements of Rule 8 of the Federal Rules of Civil Procedure and fails to state a claim under § 1915(e)(2)(B)(ii).

## LEAVE TO AMEND

Plaintiff was provided clear notice of the deficiencies in his original Complaint and was afforded an opportunity to amend. Rather than curing those deficiencies, the Amended Complaint omits essential elements necessary to state any claim at all. Under these circumstances, the Court concludes that further leave to amend would be futile.

## ORDER

IT IS ORDERED that:

1. Plaintiff's Application to Proceed In Forma Pauperis (Dkt. 5) is **GRANTED**.

2. Plaintiff's Amended Complaint (Dkt. 6) is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

DATED: January 20, 2026

*Amanda K. Brailsford*
**Amanda K. Brailsford**
U.S. District Court Judge